■ In the Matter of COURTLAND SWIFT, Petitioner, v. WESTCHESTER COUNTY PARK COMMISSION, Respondent.— Motion by respondent the Westchester County Park Commission for reargument. On June 18, 1962 this court (16 A D 2d 956) rendered its decision reading as follows: "Proceeding under article 78 of the Civil Practice Act, to review and annul a determination of the respondent, Westchester County Park Commission, made after a hearing, which adjudged petitioner guilty on three separate charges or specifications of delinquency and dereliction in the performance of his official duties, and which demoted him from his office of sergeant in the Westchester County Parkway Police Force, to the office of patrolman. The proceeding has been transferred to this court for disposition, pursuant to section 1296 of the Civil Practice Act, by order of the Supreme Court, Westchester County, dated November 3, 1961. Determination annulled on the law, without costs, and proceeding remitted to the respondent for a statement of specific findings of fact in support of any determination which may be made. The present record fails to set forth any findings of fact to support the determination made. In the absence of such findings an adequate judicial review may not be had (*Matter of Barry* v. *O'Connell,* 303 N. Y. 46; *Matter of New York Water Serv. Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23; *Matter of Athenas* v. *Macduff,* 283 App. Div. 955; *Matter of Scudder* v. *O'Connell,* 272 App. Div. 251)." Reargument is now sought on the ground that as of December 31, 1961, the respondent commission was abolished pursuant to statute (L. 1961, ch. 679). At the same time, pursuant to said statute, its functions with respect to the Westchester County Parkway Police Force were transferred and vested in the Parkway Police Board which was made an agency or division in the Department of the County Executive. Hence, the present respondent is no longer empowered to act in the premises, while its successor, the Parkway Police Board, is unable to act since it is not a party to the proceeding and, in any event, it would have no knowledge of the facts adduced at the prior hearings. The court on its own motion, pursuant to statute (Civ. Prac. Act, §§ 192, 193; cf. § 90), hereby joins the Parkway Police Board of Westchester County as a respondent in this proceeding; and hereafter the title of the proceeding shall be amended accordingly. Said board has consented to its joinder as a party. The motion for reargument is granted; the court's decision of June 18, 1962 is withdrawn, and the order entered thereon is vacated. On reargument: the determination of the original respondent Westchester County Park Commission is annulled on the law, without costs; and the proceeding is remitted to the respondent Parkway Police Board of Westchester County for investigation and hearings *de novo* and for its decision based upon the proof adduced at such new hearings. Its decision shall set forth specific findings of fact in support of any determination which it may make. No questions of fact were considered by this court. Since the present record

fails to set forth any findings of fact in support of the determination, and since the respondent Westchester County Park Commission, by reason of its abolition, is now precluded from making such findings, the proceeding must be heard and determined *de novo* by the board presently vested with the power to make the determination. Beldock, P. J., Ughetta, Christ and Rabin, JJ.; Brennan, J., not voting.